Slip Op. 11- 127

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AISIN HOLDINGS OF AMERICA, INC., CATERPILLAR INC., MAZAK CORPORATION, MAZDA MOTOR OF AMERICA, INC., GENERAL MOTORS COMPANY, NTN CORPORATION, NTN BEARING CORPORATION OF AMERICA, NTN BOWER CORPORATION, NTN DRIVESHAFT, INC., AMERICAN NTN BEARING MANUFACTURING CORP., NTN-BCA CORPORATION, AST BEARINGS LLC, and SPB USA LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE TIMKEN COMPANY, <br><br> Defendant-Intervenor. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Before: Judith M. Barzilay, Senior Judge <br><br> Consol. Court No. 11-00126 |

**OPINION & ORDER**

[Plaintiffs' petition for a writ of mandamus is denied.]

Dated: October 14, 2011

*Crowell & Moring, LLP* (*Alexander Hume Schaefer*, *Daniel J. Cannistra*, *Hea Jin Koh*, and *John Bowers Brew*), for plaintiffs Aisin Holdings of America, Inc., Caterpillar Inc., Mazak Corporation, Mazda Motor of America, Inc., and consolidated plaintiff General Motors Company.

*Baker & McKenzie, LLP* (*Kevin Michael O'Brien*, *Christine M. Streatfeild*, and *Diane Alexa MacDonald*) for consolidated plaintiffs NTN Corporation, NTN Bearing Corporation of America, NTN Bower Corporation, NTN Driveshaft, Inc., American NTN Bearing Manufacturing Corp., and NTN-BCA Corporation.

*Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP* (*Andrew Brehm Schroth*) for consolidated plaintiffs AST Bearings LLC and SPB USA LLC.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Claudia Burke*, Assistant Director, *Michael D. Panzera*, Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Shana Hofstetter*, Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Stewart and Stewart* (*Geert M. De Prest*, *Amy Suzanne Dwyer*, *Eric Peter Salonen*, *Lane Steven Hurewitz*, *Patrick John McDonough*, *Philip Andrew Butler*, *Stephanie Rose Manaker*, and *Terence Patrick Stewart*) for defendant-intervenor The Timken Company.

      BARZILAY, Senior Judge: Plaintiffs in this consolidated action seek a writ of mandamus ordering the U.S. Department of Commerce ("Commerce") to (1) revoke antidumping duty orders covering ball bearings from Japan and the United Kingdom; (2) direct U.S. Customs and Border Protection ("Customs") to liquidate entries of ball bearings made after July 11, 2005, and (3) order Customs to end the suspension of liquidation of ongoing entries. Am. Compl. 10. In their opposition to mandamus, Defendant has filed a cross-motion to dismiss Plaintiffs' claims under USCIT Rules 12(b)(1) and 12(b)(5). Def.'s Opp'n 1. For the reasons set forth below and discussed in *NSK Corp. v. United States*, Slip Op. 11-124, 2011 WL 4828498 (CIT Oct. 12, 2011) ("Slip Op. 11-124"), the court denies Plaintiffs' petition for a writ of mandamus.

## I. Background

    The court presumes familiarity with *NSK Corp. v. United States* (Consol. Court No. 06-00334) ("*NSK*"), including the court's opinion in Slip Op. 11-124.

    Plaintiffs are foreign exporters and domestic importers of ball bearings entered since July 11, 2005.[1] Am. Compl. 1, 7; Pl.'s Br. 1. Plaintiffs were not party to *NSK*. Plaintiffs' entries,

---

[1] July 11, 2005, is the five-year anniversary of the continuation of the antidumping duty orders on the subject merchandise.

however, remain subject to the underlying antidumping duty orders covering ball bearings from Japan and the United Kingdom. Am. Compl. 7. Liquidation of Plaintiffs' entries, like those of plaintiffs in *NSK*, is suspended pursuant to *Notice of Court Decision Not in Harmony With Continuation of Antidumping Duty Orders*, 76 Fed. Reg. 35,401 (Dep't of Commerce June 17, 2011) ("*Timken Notice*") and *Ball Bearings and Parts Thereof From Japan and the United Kingdom*, 76 Fed. Reg. 41,761 (Dep't of Commerce July 15, 2011) ("*Revocation Notice*"). Am. Compl. 3, 7. Plaintiffs filed the instant petition for a writ of mandamus seeking to enforce the court's judgment in *NSK*, which, according to Plaintiffs, requires Commerce to issue liquidation instructions that reflect the revocation (i.e., no duties). Pl.'s Br. 5-11.

## II. Discussion

### 1. Subject Matter Jurisdiction

Plaintiffs assert jurisdiction pursuant to 28 U.S.C. § 1581(i). Am. Compl. 2; Pl.'s Reply 3-5. Defendant avers that this action constitutes, in essence, a challenge to the Commission's original (affirmative) determinations. Def.'s Opp'n 9-10. According to Defendant, Plaintiffs could have raised these claims under § 1581(c) and therefore cannot rely on the court's residual jurisdiction. Def.'s Opp'n 8-10.

A fundamental question in any action before the Court is whether subject matter jurisdiction exists over the claims presented. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The party invoking the Court's jurisdiction bears the burden of establishing it. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). The Federal Circuit and this Court have repeatedly held that § 1581(i) confers jurisdiction over challenges to liquidation and revocation instructions. *See Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1304-05, 1309 (Fed. Cir. 2004) (finding § 1581(i) jurisdiction

available for plaintiff "seeking a writ of mandamus ordering liquidation of its entries"); *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1002-03 (Fed. Cir. 2003); *Canadian Wheat Bd. v. United States*, 32 CIT __, ___, 580 F. Supp. 2d 1350, 1357-62 (2008).  In such cases, § 1581(i) jurisdiction is available even for plaintiffs who did not challenge the determination for which the agency issued implementing instructions.  *See Consol. Bearings Co.*, 348 F.3d at 1002.

Contrary to Defendant's assertion, Plaintiffs are not contesting the Commission's original (affirmative) determinations.  Instead, Plaintiffs charge that Commerce did not properly administer the remand determinations when it purportedly failed to revoke the antidumping duty orders and to liquidate subject entries in the manner required by statute.  Am. Compl. 7-10; Pl.'s Br. 5-11; Pl.'s Reply 3-4.  Because this action concerns "administration and enforcement" of a final determination by the Commission, the court has jurisdiction pursuant to § 1581(i)(4).

**2. Plaintiffs' Petition for a Writ of Mandamus**

A writ of mandamus is an extraordinary remedy with three requirements: (1) defendant must owe plaintiff a clear, non-discretionary duty; (2) plaintiff must have no adequate alternative remedies, and (3) the court must be satisfied that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004).  For the same reasons outlined in Slip Op. 11-124, Plaintiffs fail to satisfy the elements of mandamus.

Plaintiffs argue that Commerce failed to act on three clear, non-discretionary duties after the Commission issued its negative remand determinations.  Plaintiffs first claim that Commerce had a clear, non-discretionary duty under 19 U.S.C. § 1675(d)(2) to "actually revoke" the antidumping duty orders covering ball bearings from Japan and the United Kingdom.  Pl.'s Br. 5-10.  Plaintiffs also claim that Commerce had a clear, non-discretionary duty to instruct Customs to liquidate Plaintiffs' entries pursuant to the *Revocation Notice* (i.e., at a rate of zero).

Consol. Court No. 11-00126												Page 5

Pl.'s Br. 7-10.  Finally, Plaintiffs contend that Commerce had a clear, non-discretionary duty to refund cash deposits made on Plaintiffs' entries after July 11, 2005.  Pl.'s Br. 9; Pl.'s Reply 1-2, 9.

Plaintiffs' argument that Commerce has a clear duty under § 1675(d)(2) to "actually revoke" the orders is difficult to understand considering the facts of the case.  Section 1675(d)(2) states that Commerce "shall revoke" an antidumping duty order if the Commission makes a negative determination.  19 U.S.C. § 1675(d)(2).  On July 15, 2011, Commerce issued a notice that revoked the orders, ended the collection of cash deposits, and discontinued all administrative reviews.  *Revocation Notice*, 76 Fed. Reg. at 41,762.  Plaintiffs' sole complaint regarding the act of revocation is that Commerce is continuing to require that Plaintiffs' entries be labeled "Type 03" upon entry, indicating they are subject to antidumping duties.[2]  Pl.'s Reply 2.  Plaintiffs do not cite, however, any language in § 1675(d)(2) – nor in any other statute, case law, or regulation – that demonstrates that Commerce had a clear, non-discretionary duty to end this labeling requirement or that the agency otherwise failed in its duty to revoke the orders.  Accordingly, Plaintiffs have not met the first burden required for mandamus on this issue.

Plaintiffs next argue that the Commission's negative remand determinations triggered a clear duty for Commerce to issue liquidation instructions for the subject merchandise entered

---

[2] Plaintiffs also suggest that Commerce "only purportedly revoked the order, instructing [Customs] to continue collection of estimated duties at a rate of zero percent . . . ."  Pl.'s Br. 8 (citations omitted).  At best, however, this amounts to no more than a self-serving interpretation of the *Revocation Notice*, which clearly instructs Customs "to discontinue the collection of cash deposits for estimated antidumping duties."  *Revocation Notice*, 76 Fed. Reg. at 41,762; *see also* Pl.'s Br. Ex. 2 (Message Nos. 1196309 and 1196310 indicating Customs shall "continue the suspension of liquidation of such entries without a cash deposit").

after July 11, 2005. Pl.'s Br. 7-10. This argument is unavailing. As this court explained in Slip Op. 11-124,

> when a reviewing court issues a final (non-interlocutory) decision that is not in harmony with a contested agency determination, Commerce must publish notice of such a decision in the Federal Register. 19 U.S.C. § 1516a(c)(1). Under *Timken*, the published notice has the effect of suspending liquidation of the subject entries until there is a "final court decision" under 19 U.S.C. § 1516a(e). *See* [*Timken v. United States*, 893 F.3d 337, 341 (Fed. Cir. 1990); *Hosiden Corp. v. United States*, 85 F.3d 589, 591 (Fed. Cir. 1996); *Diamond Sawblades v. United States*, 626 F.3d 1374, 1381 (Fed. Cir. 2010)]. A decision by the Court of International Trade that has been appealed is not considered the "final court decision" under the statute.

*See* Slip Op. 11-124 at *9-10 (citations omitted). Plaintiffs' entries entered after July 11, 2005, are therefore suspended by operation of law until there is a final court decision that fixes the antidumping duty rate, if any, on the ball bearings.[3] The court cannot order liquidation when binding authority mandates that liquidation is suspended until a final court decision is reached.

Plaintiffs also argue that Customs had an clear, non-discretionary duty to liquidate pursuant to 19 U.S.C. § 1504(d), even in the absence of instructions from Commerce to do so. Pl.'s Br. 7-8; Pl.'s Reply 13. Section 1504(d) provides that "when a suspension [of liquidation] required by statute or court order is removed, the Customs Service shall liquidate the entry . . . within 6 month after receiving notice of the removal from [Commerce], other agency, or a court with jurisdiction over the entry." 19 U.S.C. § 1504(d). Here, the subject entries are suspended by operation of law until the issuance of a final court decision. *See, e.g.*, *Timken*, 893 F.3d at

---

[3] As Consolidated Plaintiff NTN Corp. noted in its opening brief, Plaintiffs' entries were not subject to the decision in *NSK*, the case in which the Commission's original determinations were contested. NTN Corp. Br. 18. Nevertheless, sections 1516a(c)(1) and (e) govern liquidation of entries "of the character" covered by contested determinations. *See* §§ 1516(a)(c)(1), (e). Plaintiffs' entries are subject to the antidumping duty orders and are subject to the suspension in the *Revocation Notice*. That Plaintiffs were not party to *NSK*, therefore, is of no moment to whether this statutory scheme governs liquidation of their entries.

**Consol. Court No. 11-00126**                                                                                                          Page 7

341-42.  Therefore, no agency or court may remove the suspension of liquidation until there is a final court decision, *see id.*; § 1516a(e); *see also Revocation Notice*, 76 Fed. Reg. at 41,762, and Plaintiffs are not entitled to mandamus on this issue.

Finally, Plaintiffs argue that Commerce had a clear, non-discretionary duty to refund with interest all cash deposits made on its entries following the Commission's negative determination. Pl.'s Br. 9; Pl.'s Reply 1-2, 9.  Plaintiffs again fail to provide any statutory, regulatory, or precedential support for this argument and, accordingly, have failed to establish a clear, non-discretionary duty regarding cash deposits in this case.

Plaintiffs have also failed to satisfy the other elements of mandamus for the same reasons discussed in Slip Op. 11-124.  Slip Op. 11-124 at 11.

### III.  Conclusion

For these reasons, and in accordance with the court's opinion in Slip Op. 11-124, it is hereby

**ORDERED** that Plaintiffs' petition for a writ of mandamus is denied; it is further

**ORDERED** that Defendant's motion to dismiss under USCIT Rule 12(b)(1) is denied; and it is further

**ORDERED** that Defendant's motion to dismiss under USCIT Rule 12(b)(5) is denied as moot.

Dated:  October 14, 2011                                           /s/ Judith M. Barzilay
        New York, NY                                           Judith M. Barzilay, Senior Judge

Slip Op. 11- 127

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AISIN HOLDINGS OF AMERICA, INC., CATERPILLAR INC., MAZAK CORPORATION, MAZDA MOTOR OF AMERICA, INC., GENERAL MOTORS COMPANY, NTN CORPORATION, NTN BEARING CORPORATION OF AMERICA, NTN BOWER CORPORATION, NTN DRIVESHAFT, INC., AMERICAN NTN BEARING MANUFACTURING CORP., NTN-BCA CORPORATION, AST BEARINGS LLC, and SPB USA LLC, | |
| Plaintiffs, | |
| v. | Before: Judith M. Barzilay, Senior Judge |
| UNITED STATES, | Consol. Court No. 11-00126 |
| Defendant, | |
| and | |
| THE TIMKEN COMPANY, | |
| Defendant-Intervenor. | |

**JUDGMENT**

Upon consideration of Plaintiffs' Petition for a Writ of Mandamus, Defendant's Motion to Dismiss, the accompanying briefs, responses, and replies submitted by the parties, the court's opinion in this case published on October 14, 2011, and all other papers filed in this action, it is hereby

**ORDERED** that Plaintiffs' Petition for a Writ of Mandamus is denied; it is further

**Consol. Court No. 11-00126** **Page 2**

**ORDERED** that Defendant's Motion to Dismiss under USCIT Rule 12(b)(1) is denied; and it is further

**ORDERED** that Defendant's Motion to Dismiss under USCIT Rule 12(b)(5) is denied as moot.

Dated:  October 14, 2011                                         /s/ Judith M. Barzilay
       New York, NY                                       Judith M. Barzilay, Senior Judge